**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
Asaf Agazanof

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAF AGAZANOF Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>FANTECH SOFTWARE, INC d/b/a/ FANPICKS,<br><br>        Defendant(s). | Case No.: 2:17-cv-1462<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:** |

### NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of FANTECH SOFTWARE, INC d/b/a/ FANPICKS ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

- 1 -

Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper as Plaintiff and the TCPA Class' seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

5.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant do business within the state of California and the Central District of California and Plaintiff resides within this district.

## PARTIES

6.      Plaintiff, ASAF AGAZANOF ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

7.       Defendant, FANTECH SOFTWARE, INC d/b/a/ FANPICKS. ("Defendant"), is a corporation with its state of incorporation and its corporate headquarters in Canada and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

8.      On or about December 8, 2015 at approximately 6:09 p.m. Defendant, or one of its agents/employees at the direction or agreement of Defendant, placed an autodialed telephone call to Plaintiff's cellular telephone number ending in 3187, which Plaintiff has possessed exclusively for nearly four (4) years.

9.      Defendant, or one of its agents/employees at the direction or agreement of Defendant, placed the call from telephone number (866) 437-1409.

10.     The purpose of Defendant's call was to attempt to solicit business. Plaintiff called Defendant and discovered Defendant already had Plaintiffs name and number stored in their computer system without consent.

11. Plaintiff is not a registered user of Defendant's site, www.fanpicks.com, nor has Plaintiff ever provided his cellular telephone number to Defendant in any fashion to receive such telephone calls.

12. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place calls to Plaintiff seeking to solicit business. The informal and impersonal nature of the telephone calls (i.e., Plaintiff was never referred to by name – thus not a customized call manually to Plaintiff, but instead a mass calling spree) and the fact that Defendant already had Plaintiff programmed in their system when Plaintiff called in is indicative of the use of an automatic telephone dialing system.

13. Defendant's telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's telephone calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*..

15. Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with his cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive telephone calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff soliciting his business. Plaintiff answered Defendant's call.  However, when Plaintiff answered the call, he was greeted with "dead air" whereby no person was on the other line.  After several seconds, an agent was connected to the automated call. The dead air that the Plaintiff experienced on the call that he received is indicative of the use of an automatic telephone dialing system.

17. As a result of Defendant's alleged violations of law by placing these automated telephone calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

> a. Invading Plaintiff's and the putative class' privacy;
>
> b. Electronically intruding upon Plaintiff's and the putative class' seclusion;
>
> c. Intrusion into Plaintiff's and the putative class' use and enjoyment of his cellular telephone;
>
> d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;
>
> e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted telephone calls and attempting to stop Defendant's unwanted telephone calls.

## **CLASS ALLEGATIONS**
## **(THE TCPA CLASS)**

18. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The TCPA Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant or Defendant' agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this

Complaint

19. Plaintiff represents, and is a member of, The TCPA Class, consisting of All persons within the United States who received any telephone calls from Defendant or Defendant' agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

20. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. Defendant, its employees and agents are excluded from The TCPA Class. Plaintiff does not know the number of members in The TCPA Class, but believes the TCPA Class members number in the hundreds to thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22. The TCPA Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The TCPA Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The TCPA Class includes thousands of members. Plaintiff alleges that The TCPA Class members may be ascertained by the records maintained by Defendant.

23. Plaintiff and members of The TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and TCPA Class members via their cellular telephones thereby causing Plaintiff

and TCPA Class members to incur certain charges or reduced telephone time for which Plaintiff and the TCPA Class' had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the TCPA Class'.

24. Common questions of fact and law exist as to all members of The TCPA Class which predominate over any questions affecting only individual members of The TCPA Class. These common legal and factual questions, which do not vary between TCPA Class members, and which may be determined without reference to the individual circumstances of any TCPA Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a TCPA Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the TCPA Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person that received a call from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The TCPA Class.

26. Plaintiff will fairly and adequately protect the interests of the members of The TCPA Class. Plaintiff has retained attorneys experienced in the prosecution

of class actions.

27. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all TCPA Class members is impracticable. Even if every TCPA Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28. The prosecution of separate actions by individual TCPA Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other TCPA Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party TCPA Class members to protect their interests.

29. Defendant have acted or refused to act in respects generally applicable to The TCPA Class, thereby making appropriate final and injunctive relief with regard to the members of the TCPA Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32. As a result of Defendant' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class' are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

33. Plaintiff and the TCPA Class' are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

36. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class' are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

37. Plaintiff and the TCPA Class' are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the TCPA Class' are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the TCPA Class' are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 22, 2017              **MARTIN & BONTRAGER, APC**

                                                    By:*/s/ Nicholas J. Bontrager*
                                                    Nicholas J. Bontrager
                                                    Attorneys for Plaintiff